THE PEOPLE OF PUERTO RICO, Plaintiff, *v.* ANTONIO ROIG, SUCESORES, *S. en C.,* Defendant.

No. 4. Argued November 13, 1944.—Decided January 19, 1945.

*Jesús A. González, Acting Attorney General, Miguel Guerra-Mondragón, Rafael Rivera Zayas, Luis Venegas Cortés,* and *Nilita Vientós, Associate Counsel,* for The People. *Brown, González & Newsom,* and *F. González, Jr.,* for defendant.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On December 8, 1943, a complaint was filed in this court by the People of Puerto Rico, praying for a decree of dissolution of the defendant partnership. On the 23rd of the same month, a notice of *lis pendens* was entered in the Registry

of Property of Humacao with respect to each and all of the properties recorded in the name of the defendant.

On October 6, 1944, the plaintiff petitioned this court for a writ of injunction restraining the defendant partnership and its members, agents, or employees from further transferring or selling any land recorded in its name to any natural or artificial person.

The petition alleges that subsequent to the filing of said complaint, the defendant partnership had sold various parcels of land, subject to the result of the principal proceeding herein, ''with the purpose of rendering ineffective any judgment that may be rendered by this court in due course''; that the petitioner fears that the defendant will continue to transfer its properties, thereby depriving the People of Puerto Rico of its right to purchase said lands or to cause them to be sold at public auction, and that if the injunction sought is not issued, the petitioner will be compelled to resort to a multiplicity of suits in order to protect its right and will suffer irreparable injury.

On the same day of the filing of the petition, we issued a rule to show cause and a restraining order directed to the defendant.

The petition is opposed by the defendant on the following grounds: (*a*) That this court lacks jurisdiction to take cognizance of the main action for the dissolution of the defendant partnership; (*b*) that the principal complaint does not state facts sufficient to constitute a cause of action; (*c*) that even if this court should have jurisdiction and the complaint be sufficient, the facts alleged in the petition for injunction do not establish plaintiff's right to the relief sought nor this court's jurisdiction to grant it, (1) because the People of Puerto Rico does not allege, nor does it seek to be awarded, any right or interest in defendant's land; (2) because it does not appear that any sale made *pendente lite* by the defendant will cause the plaintiff such a grave injury as to justify the issuance of the injunction; and (3) because the

plaintiff has an adequate legal remedy, through the purchase or condemnation of said land.

The first question to be considered is whether there is available to the plaintiff an adequate legal remedy for the protection of its right. If such remedy exists, then we must hold that the writ of injunction sought does not lie.

The doctrine of *lis pendens,* under the common law, is that as soon as a court acquires jurisdiction of a suit and the pendency of such suit is noted in the registry, said court is entitled to proceed to the final exercise of its jurisdiction, and that none of the litigating parties has power to prevent its doing so by any transfer of property or other act made or done after the service of summons. If any of the parties, after the action has been commenced, attempts to transfer the property involved in the litigation or to create any incumbrance against it, the action brought may proceed without taking any notice whatever of such transfer or incumbrance; and the final judgment, when entered, may be executed as against the transferee of the property or assignee of the incumbrance thereon. 17 R.C.L. 1009, § 2, n. 7. The purpose of the legal maxim *"pendente lite nil innovetur"* is not to prevent the sale of the property but to hold it within the jurisdiction of the court in order that the latter may grant the relief sought, if proper. In accordance with the rule, the transfer is not void, but it is subject to the rights of the litigating parties. In view of the fact that the rule of *lis pendens* might operate harshly or with extreme severity as against a purchaser who, not having express or actual notice of the pendency of the litigation, should pay out money in good faith, in most jurisdictions statutes have been enacted requiring a compliance with certain requisites before that rule can be applied.

Section 91 of the Code of Civil Procedure, 1933 ed., provides that in an action affecting the title or the right of possession of real property, the plaintiff may file for rec-

ord in the registry of property a notice of the pendency of the action, and that "from the time of filing of such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names."

In passing upon the scope and effect of a notice of *lis pendens*, recorded pursuant to the provisions of § 91 of the Code of Civil Procedure, this court, in *Paniagua* v. *District Court*, 34 P.R.R. 648, 650, said:

"There is no doubt that this cautionary notice secured to the plaintiff his right to recover from any *pendente lite* purchaser of all or a part of the property, for the reason that the record of the action being to secure the effectiveness of the judgment, it would have legal effect against purchasers the same as if they were parties to the action, because their rights were represented by the defendant vendor, the Bank of San Juan."

It is well settled in this jurisdiction that a person who purchases a property after a notice of *lis pendens* has been recorded in the registry is not a necessary party to the pending action, because his vendor continues as the representative of his interests. One who acquires an interest *pendente lite* in a property, whether as vendee, lessee, mortgagee, or otherwise, takes it subject to the rights of the plaintiff and may be dispossessed under a writ of possession if the plaintiff recovers. 17 R.C.L. 1031, § 28, n. 17, pp. 1032–33; *Lawton* v. *Rodríguez*, 38 P.R.R. 34; *Luce & Co., Ltd.* v. *Cintrón*, 38 P.R.R. 477; *Cintrón* v. *A. Hartman & Co.*, 43 P.R.R. 170, 178, 179; 34 Am. Jur. 361–63.

The contention of the plaintiff that a denial of the injunction sought would subject the People of Puerto Rico to the risk of having to pay to the purchasers *pendente lite* for any improvements made by the latter upon the properties during the pendency of the suit, is not supported by the authorities. See 38 C. J., p. 64, § 112.

We are not convinced that the plaintiff would suffer irreparable injury it the injunction prayed for were not issued. It having been decided that any purchaser *pendente lite* may be dispossessed through a writ of possession and without the necessity of bringing a new suit, if the judgment to be rendered in this case should be favorable to the plaintiff, all that the latter would have to do would be to obtain an order or writ of possession to be executed by the marshal upon each and all of the properties sold by the plaintiff subsequent to the recording of the notice of *lis pendens* in the registry. Any damage which this additional work of the marshal might cause to the plaintiff could be easily compensated for, since the defendant is bound to pay all the costs of the proceedings, should the judgment be adverse to it. On the other hand, should such judgment be favorable to the defendant, the prohibition against any sale by the latter during the pendency of the suit might cause serious injury to the defendant.

We agree with the petitioner that it is not easy to distinguish the case at bar from that of the *People of Puerto Rico* v. *Central Cambalache,* 59 P.R.R. 59, wherein we issued a writ of injunction restraining the defendant Central from transferring its lands to a syndicate formed by its stockholders, notwithstanding that a notice of *lis pendens* had been recorded in the registry with respect to each of the properties belonging to the defendant corporation. We must frankly confess that in the *Cambalache* case—the first of this kind in which our intervention through the grant of the extraordinary remedy of injunction was requested—we went somewhat farther than was really necessary in order to protect the petitioner in carrying out the public policy declared by the Congress and by the Legislature of Puerto Rico, which tends to avoid great concentrations of farming lands and to dissolve those already existing. Upon a further consideration of the facts and circumstances of these cases, we are

convinced that the People of Puerto Rico and the public policy above referred to are amply and sufficiently protected by the recording in the registry of said notice of *lis pendens*. Since such recording constitutes an adequate legal remedy, the issuance of the injunction sought does not lie.

We have deemed it fair and reasonable to consider and decide now the question regarding the propriety of the writ of injunction, notwithstanding the pendency of the jurisdictional question raised by the defendant, because we have reached the conclusion that, even though we were to hold that this court has jurisdiction to take cognizance of the case, an injunction would not be proper. And it would not be just to keep the defendant subject to a restraining order until the jurisdictional question should be finally submitted and decided.

The petition for injunction must be denied and the restraining order, entered by this court on October 6, 1944, annulled.